**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Sylviarose Morgan, and Breena Miller, on behalf of themselves and others similarly situated )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>Vs. )<br>)<br>High Hook, LLC, d/b/a Buoys on the Boulevard, and Stephanie McDuffie, Individually, and Charles Weldon Boyd, Individually, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____) | C/A No: 4:24-7225-JD<br><br><br><br><br>**AMENDED COMPLAINT** |

Plaintiffs Sylviarose Morgan and Breena Miller, on behalf of themselves and others similarly situated ("Plaintiffs"), complaining of the acts of Defendants High Hook, LLC d/b/a Buoys on the Boulevard and Stephanie McDuffie, individually, and Charles Weldon Boyd, individually, collectively ("Defendants"), allege as follows:

## NATURE OF CLAIM

1.      This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the South Carolina Rules of Civil Procedure.

2.      This action is brought individually and as a collective action for actual damages, liquidated damages, attorney's fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

1

## PARTIES, JURISDICTION, AND VENUE

3.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

4.    Plaintiff Sylviarose Morgan is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Morgan was an employee of the Defendants as defined by the SCPWA and/or the FLSA.

5.    Plaintiff Breanna Miller is a citizen and resident of Horry County, South Carolina. At all times complained of herein, Miller was an employee of the Defendants as defined by the SCPWA and/or the FLSA.

6.    High Hook, LLC is a South Carolina limited liability company organized and existing pursuant to the laws of the State of South Carolina and maintaining offices and agents in Horry County, South Carolina. High Hook, LLC is an employer of individuals and operates a restaurant and bar in Horry County, South Carolina, doing business as Buoys on the Boulevard. Further, at all times complained of herein, Buoys on the Boulevard was the employer of the Plaintiffs as defined by the SCPWA and/or the FLSA.

7.    Upon information and belief, Stephanie McDuffie is a citizen and resident of one of the states of the United States and is the current general manager and/or agent and/or officer of High Hook, LLC.

8.    Upon information and belief, Charles Weldon Boyd is a citizen and resident of one of the states of the United States and is an owner and/or member and/or agent, and/or officer of High Hook, LLC. Further, at all times complained of herein Charles Weldon Boyd was the employer of the Plaintiff as defined by the SCPWA and/or the FLSA.

9.    The events giving rise to this claim occurred primarily in Horry County, South Carolina.

10.     Plaintiffs are informed and believe that the Defendants have policies and/or procedures whereby servers and/or bartenders are paid less than required under the SCPWA and/or the FLSA by the Defendants' use of an unlawful tip credit scheme and an unlawful tip pooling scheme in violation of the SCPWA and/or the FLSA. In addition, Defendants did not pay Plaintiffs and/or other servers and bartenders the lawful rate of wages due as provided under SCPWA and/or the FLSA. Further, Defendants unlawfully charged Plaintiffs and/or others similarly situated for uniforms in violation of the SCPWA.

11.     Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which Buoys on the Boulevard required a portion of those tips to be placed in the mandatory tip pool created by Defendants ("Tip Pool").

12.     Plaintiffs also bring this action as an opt-out class action under Rule 23 of the South Carolina Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which Buoys on the Boulevard required a portion of those tips to be placed in the Tip Pool, without written or legal authorization, or employees who paid for uniforms required by Defendants.

13.     Upon information and belief, this action satisfies the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(a), as alleged in the following particulars:

  a. The proposed Plaintiffs' class is so numerous that joinder of all individual members in this action is impracticable;

  b. There are questions of law and/or fact common to the members of the proposed Plaintiffs' class;

  c. The claims of Plaintiffs are typical of the class of the proposed Plaintiffs' class; and

  d. Plaintiffs will fairly and adequately protect the interests of the class.

14. In addition, upon information and belief, this action satisfies one or more of the requirements of SCCRP 23(a) and Fed. R. Civ. P. 23(b), because the questions of law and/or facts common to the members of the proposed Plaintiffs' class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15. Based upon the above, jurisdiction and venue are proper in this court.

16. The work and pay records, including the "tip-out" reports, of Plaintiffs, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## **FACTS**

17. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

18. Plaintiff Sylviarose Morgan was employed by "Buoys" from approximately March of 2023 through on or about August of 2024 as a server and as a server captain and/or head server.

19. Plaintiff Breanna Miller was employed by "Buoys" from approximately February of 2024 through on or about August of 2024 as a server.

20. Defendants own and operate High Hook LLC, d/b/a Buoys on the Boulevard.

21. Defendants paid Plaintiffs, and on information and belief all putative class members, a direct, or hourly, wage that violated the SCPWA by wrongfully taking a "Tip Credit" while requiring Plaintiffs and/or other putative class members to perform non-tip producing duties in excess of that allowed by law.

22. Defendants paid Plaintiffs, and on information and belief all putative class members, a direct, or hourly wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA 29 U.S.C § 203(m).

23. Plaintiffs, and on information and belief all putative class members, would often work overtime hours for the Defendants particularly during the busy season which ran from May through early September. Defendants violated the SCPWA and/or the FLSA when they did not pay Plaintiffs, and on information and belief all putative class members, the lawful wages due.

24. Defendants had a policy that required Plaintiffs, and on information and belief all putative class members, to remit from the tips they received, a portion of their tips at the end of each shift into the mandatory Tip Pool.

25. Defendants had a policy that required Plaintiffs, and on information and belief all putative class members, to remit, from the tips they received, a portion of their tips at the end of each shift to supervisors, managers, and/or the "house."

26. Defendants had a policy that required Plaintiffs, and on information and belief all putative class members, to perform non-tipping work, including, but not limited to, working in "Buoys" kitchen and/or back of the house or performing non-tipping duties such as deep cleaning and food preparation work while paying Plaintiffs and other similarly situated putative class members Two and 13/100 dollars ($2.13) an hour (or $5.25 an hour if a lead server) and not the required minimum wage of Seven and 25/100 dollars ($7.25).

27. Defendants had a policy that required Plaintiffs, and on information and belief all putative class members, to report to work at least an hour before the restaurant/bar opened and perform non tip related activities such as deep cleaning and food preparation.

28. Defendants had a policy that required Plaintiffs, and on information and belief all putative class members, to stay after the restaurant/bar closed each evening to perform non tip related activities such as deep cleaning and food preparation work. On many occasions during the busy season Plaintiffs, and on information and belief all putative class members would work an hour and half to two hours after the restaurant closed to perform the required non tip producing work.

29. Defendants had a policy that required Plaintiffs, and on information and belief putative class members, to purchase "Buoys" T-shirts from the Defendants despite the Defendants taking a Tip Credit and paying the Plaintiffs and putative class members Two and 13/100 dollars ($2.13) an hour (or $5.25 if a lead server) for their work.

**FOR A FIRST CAUSE OF ACTION**
**(SOUTH CAROLINA PAYMENT OF WAGES ACT)**
**(INDIVIDUAL AND CLASS ACTION)**

30. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

31. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

32. Defendants employed Plaintiffs and putative class members within the State of South Carolina.

33. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

34. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

35. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

36. Money received by Plaintiffs and putative class members as tips were "wages" as defined by SCPWA, § 41-10-10(2).

37. Pursuant to SCPWA § 41-10-40(c) "an employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law.

38. Defendants illegally deducted amounts from the wages of Plaintiffs and putative class members without proper authorization.

39. Defendants owe Plaintiffs and putative class members the amounts that were illegally deducted from their wages.

40. Defendants owe Plaintiffs and putative class members at least minimum wage for all hours that they worked.

41. Plaintiffs, and upon information and belief all putative class members, were not paid all wages due by Defendants as required by 40-10-40(D).

42. Plaintiffs, and upon information and belief all putative class members, were not paid all wages due because Plaintiffs and putative class members were not paid proper minimum wage, overtime wages, incurred expenses for the benefit of the Defendants, and had improper deductions taken from their wages and tips.

43. Defendants owe Plaintiffs and putative class members for any amounts charged to them for the purchase of T-shirts.

44. Defendants' actions were willful, and Defendants have no good-faith reason why they took these actions.

45. Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

### FOR A SECOND CAUSE OF ACTION
### (VIOLATION OF FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 203(M), 206)
### (INDIVIDUAL AND CLASS ACTION)

46. Plaintiffs re-allege each and every allegation contained in the above paragraphs as if repeated here verbatim.

47. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) AND 203(s).

48. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

49. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

50. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily receive tips.

51. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, provided the employees are doing tip producing work and not kitchen work and/or deep cleaning duties.

52. The FLSA requires employers to pay hourly employees who work over forty (40) hours in a week at overtime rates of 1 ½ times their normal hourly rate or no lower than the prevailing minimum wages at time and a half for overtime work. ($7.25 at time and a half equals $10.88).

53. Plaintiffs, and upon information and belief all putative class members, were not properly paid for their overtime hours of work for the Defendants.

54. Plaintiffs, and upon information and belief all putative class members, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, and therefore the Tip Pool is invalidated.

55. Plaintiffs, and upon information and belief all putative class members, were required by Defendants to perform non-server and/or non-bartender activities such as deep cleaning for hours each shift while the Defendants continued to take a "Tip Credit" for Plaintiffs' and other servers and/or bartenders non-tip-producing and non-server and/or non-bartender work and therefore the "Tip Credit" is invalidated.

56. When the Tip Pool and Tip Credit is invalidated, the employer can no longer enjoy the benefits to the Tip Credit provision, 29 U.S.C. § 203(m).

57. Defendants have violated the Tip Pool and Tip Credit under the FLSA, 29 U.S.C. § 203(m) 206, in reckless disregard of the rights of Plaintiffs and all putative class members who worked for the Defendants.

58. As such, Plaintiffs and Plaintiffs' class are entitled to recover actual damages, liquidated damages, and attorney's fees and costs of this action.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have not yet "opted-in," under the FLSA;

b. An order stating Defendants violated the FLSA;

c. An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

d. An award of actual and liquidated damages and other relief as provided under the FLSA;

e. An order certifying a class action under Rule 23 of the South Carolina Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

f. Actual damages in the amount of wages due under SCPWA;

g. Treble damages pursuant to SCPWA;

h. Reasonable attorney's fees and costs;

    i. Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws;

    j. Any and all other damages available under the SCPWA and/or the FLSA; and

    k. Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

Respectfully Submitted,

*S/William J. Luse*
William J. Luse, Esq.
S.C. Bar No.: 72790
LAW OFFICE OF WILLIAM J. LUSE, INC.
P.O. Box 409
Myrtle Beach, SC 29578
Phone: 843-839-4795
bill@getlusenow.com

*S/Lisa Poe Davis*
Lisa Poe Davis
S.C. Bar No.: 15251
Gene M. Connell, Jr., Esq.
S.C. Bar No.: 1358
KELAHER, CONNELL & CONNOR, P.C
Suite 209, The Courtyard
1500 U.S. Highway 17 North
P.O. Drawer 14547
Surfside Beach, SC 29587-4547
Phone: 843-238-5648
ldavis@classactlaw.net
*Attorneys for Plaintiffs*

January 15, 2025
Myrtle Beach, SC