**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Sylviarose Morgan, and Brenna Miller, on behalf of themselves and others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>High Hook, LLC, d/b/a Buoys on the Boulevard, and Stephanie McDuffie, individually, and Charles Weldon Boyd, individually, )<br>)<br>)<br>)<br>Defendants. )<br>_____ | C/A No. 4:24-cv-07525-JD<br><br><br><br>**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE** |

Plaintiffs Sylviarose Morgan, and Brenna Miller (collectively "Plaintiffs") and High Hook, LLC, d/b/a Buoys on the Boulevard, Stephanie McDuffie, and Charles Weldon Boyd (collectively "Defendants") by and through their respective undersigned counsel and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, hereby submit this Joint Motion to Approve Settlement and Dismiss Case With Prejudice. In support of this Joint Motion, the Parties respectfully state as follows:

**INTRODUCTION**

Plaintiffs have asserted claims against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and South Carolina Payment of Wages Act ("SCPWA"). Specifically, the Plaintiffs assert claims relating to gross pay, regular hours worked, overtime hours and pay, and tipped amounts. Defendants deny that they failed to pay Plaintiffs any legally required wages or that they otherwise violated the FLSA or SCPWA as to Plaintiffs or other allegedly similarly

situated workers they seek to represent. Defendants have asserted various defenses in their Answer to Plaintiffs' Amended Complaint (*see* ECF No. 7), including (among others) that (1) Plaintiffs were at all relevant times paid all wages due under the FLSA and SCPWA; and (2) Defendants, at all times, acted in good faith to comply with the FLSA and SCPWA, and with a lack of willfulness or intent to violate the FLSA.

Notwithstanding the Parties' disagreement over the merits of Plaintiffs' allegations, the Parties completed written and deposition discovery before a dispositive motion was filed by the Defendants and a motion for conditional certification was filed by the Plaintiffs. In an effort to resolve Plaintiffs' claims without incurring additional fees and expenses, and without admitting any liability, the Parties reached a settlement through their respective and experienced counsel that the Parties consider fair and reasonable whereby Plaintiffs agreed to release any and all claims arising out of their employment that were asserted, or that could have been asserted in the litigation related to their compensation during their employment with Defendants, including all claims arising under federal and state law. Based on this settlement, Plaintiffs have agreed to dismiss as to their individual claim in this lawsuit with prejudice, but without prejudice to the claims of those similarly situated.

Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate based on the risks of loss each party faces considering the existing law and any reasonable arguments for extension thereof. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties

The Parties have prepared, and Plaintiffs have already executed, a written Settlement Agreement ("Settlement Agreement") that memorializes the terms of their settlement, which is contingent upon approval of the Court. The Parties have agreed to keep the terms of their Settlement Agreement confidential. A copy of the Settlement Agreement is being submitted for *in camera* review. [1]

## DISCUSSION

Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); See e.g. *Weckesser v. Knight Enterprises S.E., LLC*, 402 F.SUPP.3D 302 (2019). In the "context of suits brought directly by employees against their employer…to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are bona fide issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." Id. at 1354. "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. 2009).

---

[1] Courts in this District routinely permit in camera review of FLSA settlement agreements containing confidential financial and business information. See, e.g., *Sanchez v. Titan Roofing, LLC*, No. 2:15-cv-04890-DCN, 2017 WL 1196922 (D.S.C. Mar. 31, 2017); *Burch v. Shelter Fin. Servs., LLC*, No. 4:14-cv-02363-TLW, 2015 WL 5561418 (D.S.C. Sept. 21, 2015).

This Court has previously articulated the following factors to assess whether a settlement is fair and reasonable: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Irvine v. Destination Wild Dunes Mgmt., Inc.,* 204 F. Supp. 3d 846, 849 (D.S.C. 2016) *citing Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. 2009).

**(A) Discovery Status & Procedural Stage**

This action has been pending since November 1, 2024. (DE 1-1). This action was removed from state court and litigation proceeded under the terms of the Court's Scheduling Orders with discovery completed on or before September 18, 2025. The parties exchanged responses to written discovery, including time and pay records, and completed the depositions of all parties. There is now pending a motion for summary judgment (DE – 27) and a motion for conditional certification (DE – 28) of potential opt-in plaintiffs. The complexity of a hybrid FLSA / SCPWA case and the additional expense of challenges to and possible administration of a collective action are substantial and, without settlement, would require litigation to continue for a considerable amount of additional time.

**(B) Absence of Fraud or Collusion & Experience of Plaintiffs' Counsel**

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo* 2009 WL 3094955, at *32-33. In this case, there is no evidence that the settlement is the product of fraud or collusion. Indeed, the settlement was procured by arms-length negotiations between the Parties and their counsel. Moreover, the Plaintiffs only seek to settle the claims for ***themselves – and not*** for any represented putative class or collective. Accordingly, ***each named Plaintiff*** has been intimately represented by competent counsel and given chance to review the agreement with counsel. Moreover, the Parties further agree that the settlement was in no way the product of undue influence, duress, overreaching, collusion, or intimidation.

The Plaintiffs are represented by two law firms, each with experience in wage and hour litigation. Plaintiffs' attorneys include William J. Luse, and Lisa Poe Davis. Mr. Luse has handled numerous wage payment cases in State Court and Federal Court including FLSA, collective actions. Mrs. Davis has practiced law as a litigator for over thirty-four years practicing almost exclusively in the area of civil litigation and has been involved in several class action lawsuits. In fact, Plaintiffs' attorneys recently brought to conclusion a class action which involved similar claims in the case of *Burdick v. Lulu's* 4:22-CV-00123-JD, where the Court approved their attorney fees as a part of the class action settlement approval of that action.

**(C) Opinions of Class Counsel and Class Members After Notice**

While under the FLSA, private plaintiffs may bring a collective action on their own behalf and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b) (2018). Most federal courts—including those in this Circuit—have adopted the two-step certification process outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). See,

e.g., *Winks v. Va. Dep't of Transp.*, No. 3:20-cv-482, 2021 WL 2482680, at *2 (E.D. Va. June 17, 2021); *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). At the first step, known as the "notice stage," the court makes a preliminary determination—typically before substantial discovery—whether the named plaintiff has made "a modest factual showing" that other potential plaintiffs are similarly situated. *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367-68 (D.S.C. 2012); *Amoko v. N&C Claims Serv., Inc.*, 577 F. Supp. 3d 408, 415 (D.S.C. 2021). If so, the court conditionally certifies the collective action and authorizes court-supervised notice to potential opt-in plaintiffs. Id. at 368.

At the second stage, usually triggered by a motion to decertify following discovery, the court applies a more rigorous standard to determine whether the named and opt-in plaintiffs are in fact similarly situated. *Amoko*, 577 F. Supp. 3d at 415. If the court concludes that they are not, it may decertify the collective action, dismiss the opt-in plaintiffs without prejudice, and allow the named plaintiff(s) to proceed individually. *Id*. at 413-414.

In this case, the proposed settlement does not release the claims of any putative collective/class members although the withdrawal of the Plaintiff's pending motion for motion for conditional certification / class action (DE – 28) is a term of settlement. In other words, this joint motion is filed prior to any conditional certification of a collective or certification of a class and, therefore, there are no class members and no opt-in plaintiffs to object to this settlement. This proposed settlement is limited to the named Plaintiffs only and does not prejudice the rights of other potential plaintiffs to assert the same or similar claims in a separate action(s) in the future.

**(D) Probability of Plaintiffs' Success on the Merits / Settlement Amount**

The Parties also disagree as to the likelihood of success, particularly regarding proof of damages and potential for recovery of any judgment, which Plaintiffs acknowledge may be complex issues. The substantial majority of Plaintiffs' claims allege they were required to perform pre-shift and post-shift non-tipped duties (or "sidework") amounting to more than 20% of their total amount of hours worked each shift.

Defendants have filed a Motion for Summary Judgment (DE – 27) that argues this Court is no longer bound by deference to administrative interpretation after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 2266, 219 L.Ed.2d 832 (2024) and should adopt the reasoning of the Fifth Circuit in *Restaurant Law Center et al. v. United States Department of Labor*, 120 F.4th 163 (5th Cir. 2024) to hold the 80/20 rule is arbitrary. In an effort to "avoid the uncertainty, inconvenience and cost of litigation," the Parties entered into this Settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 1:08CV1310(AJT/JFA), 2009 WL 3094955 (E.D. Va. 2009).

## CONCLUSION

For the reasons set forth in the Parties' Settlement Agreement and Joint Motion for Approval, and in further support outlined herein, the Parties respectfully request the Court grant their motion and approve the Settlement.

Respectfully submitted this 20th day of January, 2026.

| | |
|---|---|
| */s/ Lisa Poe Davis* | */s/ Joseph Jakob Kennedy* |
| Lisa Poe Davis | J. Jakob Kennedy |
| DSC Fed. Id. No. 5826 | DSC Fed Id. No. 9525 |
| Kelaher, Connell & Connor, P.C. | Kennedy Law Office, LLC |
| P.O. Drawer 14547 | PO Box 925 |
| Surfside Beach, SC 29587 | Marion, SC 29571 |
| Phone: 843-238-5648 | Phone: (843) 423-5555 |
| ldavis@classactlaw.net | jake@kennedysc.com |
| | |
| -and- | -and- |
| | |
| William J. Luse, Esq. | Kenneth Ray Moss, Esq. |
| DSC Fed. Id. No. 9736 | DSC Fed Id No. 10754 |
| Law Office of William J. Luse, Inc. | Wright, Worley, Pope, |
| P.O. Box 409 | Ekster & Moss, PLLC |
| Myrtle Beach, SC 29578 | 628A Sea Mountain Highway |
| Phone: 843-839-4795 | North Myrtle Beach, SC 29582 |
| bill@getlusenow.com | Phone: (843) 281-9901 |
| | kennethmoss@wwpemlaw.com |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEY FOR DEFENDANTS |