IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sylviarose Morgan, and Brenna Miller, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>Vs.<br><br>High Hook, LLC, d/b/a Buoys on the Boulevard, and Stephanie McDuffie, Individually, and Charles Weldon Boyd, Individually,<br><br>       Defendants. | CASE NO. 4:24-7525-JD<br><br>PETITION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT |

Your Petitioners would respectfully allege:

1. That they are the named Plaintiffs in the above matter and are seeking court approval of the settlement of their claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

2. Petitioners have asserted claims against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and South Carolina Payment of Wages Act ("SCPWA"). *(See* ECF No. *8* (Plaintiffs' Amended Complaint). Specifically, Plaintiffs assert that they were not paid proper wages related to Defendants' tip pool and worked in violation of the 80/20 rule and are therefore owed wages (including overtime compensation) for such time.

3. Defendants deny that they failed to pay Plaintiffs any legally required wages or that they otherwise violated the FLSA or SCPWA as to Plaintiffs or other allegedly similarly situated workers they seek to represent. Defendants have asserted various defenses in their Answer to Plaintiffs' Amended Complaint *(see* ECF No. 11), including (among others) that (1) Plaintiffs were at all relevant times paid all wages due under the FLSA and SCPWA; and (2) Defendants, at all times, acted in good faith to

1

comply with the FLSA and SCPWA, and with a lack of willfulness or intent to violate the FLSA. Defendants also expressly denied that Plaintiffs are similarly situated to the other persons whom they seek to represent under the requirements for a collective action pursuant to Section 216(b) of the FLSA.

4. The Parties have completed extensive written discovery and participated in several depositions. Defendants produced information to Plaintiffs relating to Plaintiffs' gross pay, regular hours worked, overtime hours and pay, and tipped amounts. Reviewing this data, allowed both Parties the opportunity to assess and calculate the potential damages in this case

5. Notwithstanding the Parties' disagreement over the merits of Plaintiffs' allegations, the Parties engaged in settlement discussions through their respective counsel.

6. The Parties' counsel each respectively has significant experience litigating FLSA collective action cases. In an effort to resolve Petitioners' claims without incurring additional fees and expenses, and without admitting any liability, the Parties reached a settlement, whereby Petitioners agreed to release any and all claims arising out of their employment that were asserted, or that could have been asserted in the litigation related to their compensation during their employment with Defendant High Hook, LLC, d/b/a Buoys on the Boulevard, including all claims arising under federal and state law. Based on this settlement, Petitioners have agreed to dismiss their lawsuit with prejudice but without prejudice to the claims of those similarly situated. Upon approval by this Court of the Settlement Agreement, Plaintiffs' Motions to Certify Class and Collective Action will be withdrawn.

7. The Parties have prepared, and Petitioners have already executed, a written Settlement Agreement ("Settlement Agreement") that memorializes the terms of their settlement, which is contingent upon approval of the Court. The Parties have agreed to keep the terms of their Settlement

Agreement confidential. A copy of the Settlement Agreement is being submitted for *in camera* review.

8. Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

9. As discussed above, whether Petitioners are entitled to compensation or damages for their alleged claims is disputed by the Parties. The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and to stipulate the dismissal of the action with prejudice as to the Plaintiffs' individual claims. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and equitable resolution of their bona fide dispute and a full and final settlement of Plaintiffs' lawsuit.

10. Petitioners are receiving an amount representing their calculated lost wages for alleged under-payments as calculated by Plaintiffs' counsel. To determine Plaintiffs' damages, Plaintiffs' counsel reviewed the data produced by Defendants, and calculated the hourly rate and overtime amounts due Plaintiffs based on their actual hours worked.

11. The Petitioners retained the legal services of William J. Luse and Lisa Poe Davis under a contingency fee arrangement. The Parties' settlement also contains a component of attorney's fees and costs. Their attorneys were active in the negotiations of this settlement and are of the opinion that the settlement is fair and reasonable, and in the Petitioners' best interests in view of all circumstances. Further, the Petitioners are informed and believe that the fees and costs as set forth in the Settlement Agreement are fair and reasonable in light of the amount of time that their attorneys have spent on this case and the results of this settlement. Further, wage cases of this kind are difficult cases and require an

experienced wage and hour attorney to litigate them. Plaintiffs' counsel has litigated numerous employment law and wage and hour cases over the years in the SC Federal District Court.

12.     Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate based on the risks of loss each party faces considering the existing law and any reasonable arguments for extension thereof. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice as to the claims of the Petitioners, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties.

13.     Plaintiffs moved for conditional certification of a collective action pursuant to Section 216(b) of the FLSA, but upon approval of the Settlement Agreement by this Court, same will be dismissed. The Parties' Settlement Agreement resolves Plaintiffs' individual claims and will not affect the rights of any other individuals.

14.     The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential and, accordingly, would prefer that the actual agreement not appear on the docket as a public record. To that end, a copy of the Settlement Agreement is being emailed directly to Chambers for this Court's confidential review. The Parties respectfully request this Court conduct a confidential *in camera* review.

15.     In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement they reached in this matter and stipulate to the dismissal of this action with prejudice.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the terms of the Parties' Settlement Agreement, dismissing this action in its entirety with prejudice, and retaining jurisdiction, as necessary, to enforce the settlement. A Proposed Order is being contemporaneously submitted for the Court's consideration.

Respectfully submitted this 17th day of February, 2026.

/s/ Lisa Poe Davis
Lisa Poe Davis
DSC Fed. Id. No. 5826
Kelaher, Connell & Connor, P.C.
P.O. Drawer 14547
Surfside Beach, SC 29587
Phone: 843-238-5648
ldavis@classactlaw.net

-and-

William J. Luse, Esq.
DSC Fed. Id. No. 9736
Law Office of William J. Luse, Inc.
P.O. Box 409
Myrtle Beach, SC 29578
Phone: 843-839-4795
bill@getlusenow.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sylviarose Morgan, and Brenna Miller, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>High Hook, LLC, d/b/a Buoys on the Boulevard, and Stephanie McDuffie, individually, and Charles Weldon Boyd, individually,<br><br>        Defendants. | C/A No. 4:24-cv-07525-JD<br><br><br><br>VERIFICATION |

PERSONALLY appeared before me, Sylviarose Morgan, who, being first duly sworn, deposes and says that she is the Petitioner herein; that she has read the allegations contained in the foregoing Petition and knows the same to be true and correct except any matters alleged upon information and belief, and as to those he/she believes the same to be true.

                                                                      _/s/ Sylviarose Morgan_
                                                                    Sylviarose Morgan, Plaintiff/Petitioner

SWORN TO BEFORE ME THIS
16th day of February, 2026.

_/s/ William J. Kerr_
Notary Public for South Carolina
My Commission Expires: 3-12-2035

    I, the undersigned attorney for the Plaintiff, Sylviarose Morgan, hereby recommend and approve the settlement referred to herein.

                                                                    _/s/ Lisa Poe Davis_
                                                                    Lisa Poe Davis
                                                                    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sylviarose Morgan, and Brenna Miller, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>High Hook, LLC, d/b/a Buoys on the Boulevard, and Stephanie McDuffie, individually, and Charles Weldon Boyd, individually,<br><br>        Defendants. | C/A No. 4:24-cv-07525-JD<br><br><br><br><br>**VERIFICATION** |

PERSONALLY appeared before me, Brenna Miller, who, being first duly sworn, deposes and says that she is the Petitioner herein; that she has read the allegations contained in the foregoing Petition and knows the same to be true and correct except any matters alleged upon information and belief, and as to those she believes the same to be true.

*/s/ Brenna Miller*
Brenna Miller, Plaintiff/Petitioner

SWORN TO BEFORE ME THIS
16th day of February, 2026.

*/s/ William J. Hurr*
Notary Public for South Carolina
My Commission Expires: 3-12-2035

    I, the undersigned attorney for the Plaintiff, Brenna Miller, hereby recommend and approve the settlement referred to herein.

*/s/ Lisa Poe Davis*
Lisa Poe Davis
Attorney for Plaintiff